### John C. Regan et al., Partners, etc., v. Julia Reed.

1. MASTER AND SERVANT—*Liability for Malicious Acts of the Serv-
ant.*—Where a servant, while in the discharge of his duties, perverts the
appliances of his master to wanton and malicious purposes, to the injury
of another, the master will be liable to the person injured.

2. DAMAGES—*When $400 is Not Excessive.*—The cook upon the State
repair boat on the Illinois and Michigan canal, was scalded by steam
from a blow-off pipe of an engine of a stone-crusher operated by the
defendants. She was seriously burned upon the arm; not only the skin,
but also the tissues underneath the skin, burned, and the whole front of
the upper armed was inflamed, swollen and irritated, and discharged
pus for a considerable time. She was wholly unable to work for about
a month, and the arm took about eight months to heal, and gave her
pain and trouble at the end of the year. A verdict for $400 was not so
unreasonable as to indicate improper motives on the part of the jury.

Trespass on the Case, for personal injuries. Appeal from the Circuit
Court of Will County; the Hon. ROBERT W. HILSCHER, Judge, presid-
ing. Heard in this court at the April term, 1901. Affirmed. Opinion
filed July 12, 1901.

Regan v. Reed.

E. MEERS, attorney for appellants.

DANIEL F. HIGGINS, attorney for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

On May 31, 1899, Regan & Quinn were operating a steam crusher on the west bank of the Illinois and Michigan canal, just above the city of Joliet. They crushed stone there, and delivered it from time to time to certain contractors, who received it on their boats from the crusher. From the engine which operated their crusher a blow-off pipe passed under the tow-path and projected a short distance over the canal. Its end was about four feet above the water and a foot or eighteen inches below the surface of the tow-path. It was used occasionally to blow muddy sediment out of the boiler and to carry off water and steam to wash out the boiler. That morning the State repair boat passed the crusher bound south. It passed eight or ten feet from the end of this pipe. Just as the front of the boat came opposite the blow-off pipe, steam began to blow out of it, and so continued until the stern of the boat passed it. Several men on deck were hit by the steam. Julia Reed, the cook of the boat, was standing at an open window in the cabin on that side of the boat, and was struck by the steam on her arm and shoulder, and was scalded. She brought this suit against Regan & Quinn to recover damages for her injuries. She filed an appropriate declaration, charging the defendants with negligently turning steam and hot water from the boiler into said pipe, with great force, while the boat was passing, and ejecting it against plaintiff, burning her, etc. Defendants pleaded not guilty. A jury found for plaintiff, and assessed her damages at $400. The court overruled a motion for a new trial, and entered judgment on the verdict. Defendants appeal.

The proof for plaintiff tended to show Smith, the engineer of the crusher, knew the boat was passing, and ejected the steam and mud maliciously. The proof for defend-

ants tended to show Smith did not know the boat was passing, but blew out the boiler because it needed it, and that was a suitable time to do it. Defendants thereupon argue they are not liable in any event, because if plaintiff's proof is true they are not liable for the malicious acts of their engineer, and if their own proof is true their engineer was not guilty of any negligence. These positions can not be sustained. The rule is well established in this State that where the servant of a defendant, while in the discharge of his duties to the defendant, perverts the appliances of his employer to wanton and malicious purposes, to the injury of another, the employer is liable to the person so injured. (T., W. & W. Ry. Co. v. Harmon, 47 Ill. 298; C., B. & Q. R. R. v. Dickson, 63 Ill. 151.) To blow mud and sediment out of the boiler was the engineer's duty. He testifies the boilers needed this cleaning that day, and no one contradicts him. If, therefore, he performed his duty in wanton disregard of the safety of the people on the boat, his employers are liable. The canal was a public highway, and boats had a right to pass along its course, and as the tow-path was on the west bank, any passing boat would naturally travel near that side. Defendants were in duty bound to so exercise their own rights as not to unnecessarily interfere with the rights of others. It was only occasionally necessary to blow the mud out of the boiler. The engineer was bound to know that when this was done it carried the mud and steam beyond the ordinary line of travel of canal boats. It was plainly his duty to discharge this steam and mud when no boat was passing, and to ascertain that fact before acting. If, as Smith testifies, he turned the steam on without looking to see if a boat was passing, his employers are liable for the injury inflicted.

Defendant made a slight effort to show that plaintiff was guilty of negligence contributing to the injury. Smith testified he visited plaintiff after the injury, and that she told him she saw the steam coming; that she had a bird cage hanging in the window, and that she reached for it to get the bird out of the way, and the steam struck her. It

Regan v. Reed.

is argued it was negligence in her to attempt to remove her bird from the line of the steam. Mrs. Reed testifies that what she told Smith was that she had taken the cage down and set it on the table to give her birds a bath; that some one cried out, "Look out, Mrs. Reed!" that when she heard that she thought the boat was going to strike something; that she was standing sideways to the window and put her hand on top of the cage and held it down that it might not be overturned and the birds injured. We are satisfied the jury would not have been warranted in attributing negligence to plaintiff.

It is urged the damages awarded are excessive. According to the testimony of plaintiff and her physicians and other witnesses, she was seriously burned upon the arm; not only the skin was burned but the tissues underneath the skin; the whole front of the upper arm was inflamed, swollen and irritated, and discharged pus for a considerable time; she was wholly unable to work about a month, and the arm took about eight months to heal, and still gave her pain and trouble at the end of the year. The testimony produced for defendants tended to show the burn was slight and healed within a month. While a somewhat smaller sum might in our view have been a sufficient compensation, the verdict rendered is not so unreasonable as to indicate any improper motives on the part of the jury, and we would not be warranted in disturbing their conclusion in this matter peculiarly within their province.

We have examined the action of the court upon the instructions of which defendants complain. The refused instructions, so far as proper, were embodied in those given for defendants, and the modifications were proper. We find no reversible error in the matters brought to our attention by defendant's argument. The judgment is therefore affirmed.